NEW-YORK,<br>May, 1829.<br><br>Bouton<br>v.<br>President, &c.<br>of Brooklyn.

---

## BOUTON vs. THE PRESIDENT, &c. of BROOKLYN.

ERROR on certiorari to the president and trustees of the vil-
lage of Brooklyn. An order was made by the trustees for reg-
ulating and paving *Bridge-street* from Prospect-street to the
East river, which was accordingly done, and a warrant issued
to the assessors of the village, to make an estimate of the ex-
pense, and to make a just and equitable assessment thereof a-
mong the owners or occupants of all the houses and lots intend-
ed to be benefitted, in proportion, as nearly as might be, to the
benefit and advantage which each should be deemed to acquire
thereby. The assessors estimated the expense at $10,080
47, and assessed the same upon the lots fronting on Bridge-
street, charging a lot owned by the plaintiff in error with the
sum of $277 50. On the *twentieth* July, 1826, the assessors
published a notice that they had completed the assessment,
and that they would meet at a specified place on the *twenty-
ninth* of July, to review the same and hear objections. Bou-
ton, the plaintiff in error, and others, appeared and objected.
The objections not being allowed, the assessment was sent
to the board of trustees for confirmation. On the 7th Au-
gust, 1826, Bouton and others presented a remonstrance to
the board against the confirmation of the assessment, which
was re-committed to the assessors, who, after correcting the
same by adding to the expense an additional sum omitted by
mistake, returned their assessment to the board, who confirm-
ed the same.

*An error committed in the assessment of the expense of regulating and paving streets in cities and villages, under particular statutes, in the quantum of the assessment upon particular lots, and not in the principle upon which the assessment is made, cannot be corrected by certiorari.*

*A party who appeals from an assessment, and is heard on such appeal, cannot afterwards object to the sufficiency of the notice of assessment.*

*After a review of an assessment, a new notice for parties interested to appear and object, is not necessary.*

NEW-YORK,
May, 1829.

Bouton
v.
President, &c.
of Brooklyn.

Bridge-street, from Prospect-street to the East river, cross-es or intersects five streets, and passes through a range of heavy sand hills, commencing at about York-street, (the street next north of Prospect-street,) and extending to near the East river. Prospect-street is the sixth street from the river. The lot of *Bouton* is situated at the corner of Prospect and Bridge-streets, extending twenty-five feet on Prospect-street, and seventy-five feet on Bridge-street. Most of the corner lots in Bridge-street, between Prospect-street and the river, are similarly situated, fronting on the cross streets, and lying laterally on Bridge-street. All the lots lying between Pros-pect-street and York-street, the next cross street, are assessed according to the number of feet they measure on the street, as are also the lots lying below York-street, down to the river, but the latter are assessed in an increased ratio, and at a greater sum per foot than the former. The expense of the improve-ment was assessed solely on the lots fronting on Bridge-street.

The proceedings of the trustees to enforce the assessment against Bouton were suspended by an injunction, and a cer-tiorari brought to remove them to this court.

*J. Greenwood,* for plaintiff in error, insisted that the assess-ment was not made in conformity to the *principle* prescribed by the statute relative to the village of Brooklyn, (*statutes, vol.* 6, *c.* 224,) that the assessment shall be made among the owners of lots, in proportion to the advantage which each shall be deemed to acquire. The lots on the five streets in-tersected by Bridge-street, and in the vicinity thereof, should have been made to bear a proportion of the expense, inas-much as they are benefitted by the improvement. And the assessment of Bouton's lot, with a front of 75 feet, and a depth of 25 feet, was unequal and unjust, inasmuch as it is but a lot of 25 by 75, fronting on Prospect-street, and not on Bridge-street. The assessors having erred in the princi-ple upon which their estimate was made, it will be set aside. (20 *Johns. R.* 430.)

The notice of the assessors that they had completed their assessment was defective, in not stating where the assessment might be seen, previous to the 29th July, and was too short

in giving but nine instead of *ten* days notice for the persons interested to appear and object.

NEW-YORK,
May, 1829.

Bouton
v.
President, &c.
of Brooklyn.

After the assessment was amended by the assessors, a new notice ought to have been given for parties to appear and object, such amended assessment being equivalent to an original assessment. Whenever the rights of parties are to be affected by proceedings of this character, they are entitled to notice, although the particular statute under which the proceedings are had may be silent on the subject. (15 *Johns. R.* 537.)

*C. J. Doughty*, for defendants. The owners of lots˜ on the streets intersected by Bridge-street, ought not to have been subjected to the expense of regulating Bridge-street, for if so they would be liable to a *double* assessment: first, for digging Bridge-street through the sand hills, and afterwards for regulating the streets on which their lots are situated. The regulating and paving a street is distinguishable from the *opening* of a street: in the former case, the expense is chargeable only upon the owners of lots fronting on the streets; in the latter, the improvement extending its advantages to all property in its vicinity, its expense may with propriety be charged upon lots not immediately lying on the street. The assessment of Bouton's lot, with a front of 75 feet on Bridge-street, although but 25 feet deep, was correct. It is an inconvenience counterbalancing the advantage of owning a corner lot.

No particular time of notice is required for the owners to view the assessment. All objection, however, on this ground, and for not specifying where the assessment might be seen, is waived by the *appearance* of the party, and the making of his objections. There was no necessity of notice of the corrected assessment, for no alteration was made as it affected the objector.

*By the Court*, SAVAGE, Ch. J. By the return to the certiorari in this case, it appears that an application was made to the trustees for pitching and paving Bridge-street, from

Prospect-street to the East river ; that the work was done ; that an estimate was duly made, and afterwards an assessment of the expense, in which the plaintiff was assessed $277, 50. He complains of this on two grounds : 1. That the assessment was not made upon the principle contained in the statute; and 2. That the proceedings were irregular for want of due notice.

The village of Brooklyn was incorporated in 1816, and additional powers were given to the trustees in 1824. (*Statutes, vol.* 4, *a.* 90, and *vol.* 6, *c.* 224.) By the third section of the latter act, the trustees are to order and direct the pitching and paving the streets, and to cause a just and equitable assessment to be made of the expense among the owners or occupants of all the houses and lots intended to be benefitted thereby, in proportion, as nearly as may be, to the advantage which each shall be deemed to acquire. The plaintiff, and some others, complained of the assessment as unjust, because the assessors had considered all the property as equally benefitted. The assessment was confirmed by the trustees. In the case of *Le Roy* v. *Mayor of New-York,* (20 *Johns. R.* 430,) under a statute nearly similar in its phraseology, it was decided that this court has power to establish the principle as to the persons to be assessed, but the quantum of the benefit is a subject for the discretion of the assessors. It is not denied that the lot of the plaintiff is benefitted, but the complaint is, that it is not *equally* benefitted with the lots in the sand hills. It seems to me, therefore, that this court has no power to correct the error, if it has been committed. It consists, if at all, in the quantum of the assessment upon the plaintiff's lot, which is a subject over which we have no jurisdiction. On this point, therefore, we cannot interfere.

2. Was there sufficient notice ? An appeal is given to the party conceiving himself aggrieved, in the manner provided by the third section of the act of 1816. By that section, such person may appeal from the assessors to the trustees of the village, in ten days after the assessment is made and public notice thereof given, giving notice to the assessors, &c. If an appeal may be made within ten days, surely the assessment ought not to be confirmed till after the expi-

ration of ten days. Only nine days notice was given in this case; but as the plaintiff within that time did appeal, and had the benefit of a hearing before the trustees, he comes too late to object to a want of due notice. It appears that the trustees, instead of deciding instanter, referred the matter back to the assessors, and then confirmed the assessment without any further notice being given. No other notice was necessary, nor needed they to have referred it back. They might have confirmed it without such reference ; and I see no object in giving further notice, as the party had an opportunity of being heard before the trustees, the appellate jurisdiction, for which purpose the notice is required to be given.

I am of opinion, therefore, that the proceedings of the trustees ought to be confirmed.