(110 App. Div. 69)

In re PHELPS.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

1. MUNICIPAL CORPORATIONS—ASSESSMENTS FOR IMPROVEMENT—REVIEW ON CERTIORARI.
    On certiorari to review an assessment for a street improvement, the objection that the premises assessed were not benefited does not present a question of law, unless the determination fixing the assessment district was not supported by competent proof, or was opposed by a strong preponderance of the evidence; Code Civ. Proc. § 2140, providing that the questions to be determined by the court on the hearing shall be whether there was any competent proof authorizing the determination, or, if there was, whether there was a preponderance against it.

2. SAME—ASSESSMENT DISTRICT.
    In the center of a street there was a grass plot extending some distance along the street. On the street being improved, only one side up to the grass plot was improved. The travel had been mainly on that side, and the other side was a small traveled roadway used to reach the property on that side. Held not to show that there was such error in including the property on the side of the street not improved in the assessment district made to include the property fronting on the street as would warrant the court, on certiorari, to disturb the determination fixing the district.

3. SAME—BENEFIT TO PROPERTY.
    The assessment of all the property in the district in proportion to the number of lineal feet of frontage on the street was not so unequal, as to

justify the court on certiorari to review the assessment to disturb the apportionment, though the property fronting on the side of the street not improved was not equally benefited with the other property.

Application by Lillie E. Phelps for a writ of certiorari to the board of trustees of the village of White Plains to review an assessment against petitioner's property. Assessment confirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Frederick W. Clark, for petitioner.

H. T. Dykman, for respondents.

JENKS, J. This is a certiorari to review proceedings under chapter 353, p. 763, Laws 1899, amended by chapter 497, p. 1178, Laws 1900, by the trustees of the village of White Plains in laying an assessment for the macadamizing and improving of a street called Broadway. The trustees fixed as a district of assessment, chargeable with one-third of the cost, the "property fronting and abutting on [said Broadway] in proportion to the number of lineal feet of frontage on said street." The total number of feet on Broadway assessed was 17,715. The relator has a frontage of 216 feet. At the southerly line of the relator's premises, Broadway is 260 feet wide, and in the center of the street is a grass plot or green that extends in front of these premises and for some distance along Broadway. Broadway is about 190 feet wide at the end of the plot. The macadam was laid on the westerly side of Broadway and not upon the part of the street that lies between the grass plot and the premises of the relator. The travel has been mainly upon the side of the street thus macadamized, and the other side was "a small traveled roadway, which was used principally as an access to the properties" situated similarly to those of the relator.

I think that it was necessarily determined in Tompkins v. Hodgson, 2 Hun, 146, that the entire area of Broadway is the street, irrespective of the existence of this grass plot or green. The relator does not attack the rule of assessment adopted for the district. I think we must assume that, under Conde v. City of Schenectady, 164 N. Y. 258, 58 N. E. 130, it is a proper one for such an improvement. The objection of the relator is based upon the fact that both sides of the street are not macadamized, and therefore the proposition of the relator must be either that her premises are not benefited at all, or that they are not benefited as much as other premises subject to no greater assessment under the rule of frontage. The act of determination of the district was judicial. O'Reilley v. City of Kingston, 114 N. Y. 439, 21 N. E. 1004. Under the limitations prescribed by section 2140 of the Code of Civil Procedure, the point raised that the premises were not benefited at all does not present a question of law, unless the determination of the district was without competent proof to support it or was opposed by a decided and strong preponderance of evidence. People ex rel. Brisbane v. Zoll, 97 N. Y. 203; People ex rel. Gage v. Lohnas, 54 Hun, 604, 608, 8 N. Y. Supp. 104; Matter of the Petitions of Laura E. Eager, 46 N. Y. 100, 109; Matter of the Petition of Cruger, 84 N. Y. 619, 621; People ex rel. Davidson v. Gilon, 126 N. Y. 147, 157, 27 N. E. 282; People ex rel.

Lehigh Valley Railway Co. v. City of Buffalo, 147 N. Y. 675, 42 N. E. 344, affirming (Sup.) 36 N. Y. Supp. 191. There is nothing to sustain the proposition of the relator save the peculiar physical situation of the premises heretofore described. I think that this fact alone does not afford sufficient proof that there was error in including the premises in the district at all, and there is none other. I cannot think that all benefit to such premises depends upon the physical fact that the pavement must be laid not only in the street in front of the premises, but also so as to be contiguous to them. There is no practical difference between the usual paving of a street and this paving, except that those who use the street to go to the premises of the plaintiff cannot travel on the macadam pavement up to the sidewalk in front of them, but must end their journey by travel for a short distance (that marked by a turning off or a detour) upon a dirt road. In every other respect the premises of the relator received a benefit similar to that of the ordinary premises of frontage. I think that the fact relied upon by the relator is not sufficient to disturb the district determined by the trustees so as to exclude the premises of the relator. Authorities supra, and particularly People ex rel. Davidson v. Gilon, 126 N. Y. at page 157, 27 N. E. at page 285.

As to the proposition that the premises are equally assessed under the application of the frontage rule, with other premises, although not equally benefited, I think that we should not disturb the apportionment in order that there may be a readjustment as to these particular premises. Voght v. City of Buffalo, 133 N. Y. 463, 31 N. E. 340. See, too, the authorities collated by Green, J., in People ex rel. Lehigh Valley Railway Co. v. City of Buffalo, supra; Bouton v. President, etc., of Brooklyn, 2 Wend. 395; Owners of Ground, etc., v. Mayor, 15 Wend. 374; Ex parte Mayor, etc., of Albany, 23 Wend. 277; D. & H. Canal Co. v. City of Buffalo, 39 App. Div. 333, 56 N. Y. Supp. 976.

Cooley on Taxation (page 645) says:

"Occasional hardships must inevitably result from the adoption of such a basis, but the question is fairly a debatable one, whether they are likely to be more serious or more frequent than those which are to be anticipated from the selection of some other rule; and this question must be deemed settled by the statute."

In Voght v. City of Buffalo, supra, the lands were assessed more on one side of the street than on the other, and this, for the reason that the assessors thought that the benefits were unequal. The court said:

"There existing facts for their consideration and for the exercise of a judgment as to amount of benefits, their action in assessing was conclusive."

It seems to me that this reasoning applies to this case. I think that there is no force in the point that the proposed improvement was not carried out, in that the whole width of the street was not paved, so long as the work done was in accordance with the plans proposed, approved, and filed for public inspection, as required by the statute. Voght v. City of Buffalo, supra.

Determination confirmed, with costs. All concur.