THE PEOPLE, ex rel. ALBERT BRISBANE et al., Respondents, *v.* JOHN ZOLL et al., Assessors, etc., Appellants.

The office of a writ of *certiorari*, directed to assessors, is simply to review their action ; and, if it appears by the facts conceded on return to the writ that their determination is illegal, a reversal may not be prevented by suggesting on the hearing on return to the writ, that a question, not raised, might have been raised before them which would have justified a decision against the relator.

*It seems* that under the provision of the charter of the city of Buffalo (§ 17, title 9, chap. 519, Laws of 1870), which enacts that " when the city shall alter the recorded grade of any street   *   *   *   the owner of any house or lot fronting thereon may, within one year thereafter, claim damages by reason of such alteration," the limitation does not begin to run at the date of the passage of the resolution by the common council effecting the change, but the claim may be made within one year after the actual change.

*It seems*, also, that the city may waive the limitation, as it is imposed for its benefit.

As to whether, where the city refers such a claim to the assessors, without objection on the ground of expiration of time limited, the question can be raised before them, *quære?*

Where, upon return to writ of *certiorari* to review a decision of the assessors upon such a claim, certifying that no damages had been sustained, it was conceded that damages were in fact sustained, but the assessors arrived at their conclusion by offsetting benefits,—*Held*, that a question of law was presented and the decision of the assessors thereon was open to review (Code of Civ. Pro., § 2140) ; also, that the decision was erroneous.

(Argued October 20, 1884 ; decided October 31, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 28, 1881, which affirmed a judgment of Special Term, reversing and annulling a decision of the assessors of the city of Buffalo, upon a claim presented by the relator for damages sustained by reason of a change of the grade of a street in said city, which decision was brought up for review by *certiorari.*

The facts so far as material to the questions discussed are stated in the opinion.

*P. A. Matteson* for appellants.    Compensation for changing the grade of a city street is payable when the new grade is established and confirmed by law, although the work is not completed. (*McCarthy* v. *City of St. Paul*, 22 Minn. 527 ; *Stowell* v. *City of Milwaukee*, 31 Wis. 523 ; *City of Logansport* v. *Pollard*, 50 Ind. 151 ; *In re Fifth St.*, 12 Phila. 587 ; *City of Philadelphia* v. *Wright*, 100 Penn. St. 237 ; *Harford* v. *Omaha*, 4 Neb. 336, 347 ; 2 Dill. on Mun. Corp., §§ 543 and note 3, 781–783 ; Sedg. on Dam. [4th ed.] 677, note 2 ; *In re Cruger*, 84 N. Y. 620.)    The assessors have exclusive authority to pass upon the question of damages, and their decision upon that question is final and conclusive. (*In re William St.*, 19 Wend. 696–7 ; *People* v. *Smith*, 45 N. Y. 772 ; *People* v. *Police Board*, 39 id. 506.)    Even if their decision is not final, if

they did not commit any error, it must be upheld. (*Donovan* v. *Springfield*, 125 Mass. 371; *Hilbourne* v. *Suffolk*, 120 id. 393; *Allen* v. *Charlestown*, 109 id. 243; *In re William St.*, 19 Wend. 681; *In re Fourth Avenue*, 3 id. 452; *In re Albany St.*, 11 id. 150; *In re Union Avenue*, 59 How. 228; *City of Elgin* v. *Eaton*, 83 Ill. 535; 2 Dill. on Mun. Corp., §§ 624–5 [487–8]; *Burbank* v. *Fay*, 65 N. Y. 57.) Respondents can gain nothing by reason of the reference of the claim to the assessors. Whatever legal rights they had had been lost, and it was not in the power of the common council to revive them. (*In re Ridge Avenue*, 99 Penn. St. 469.)

*Delavan F. Clark* for respondents. There was no error in the decision of the court overruling the respondents' objection that the claims were not presented within the time prescribed by the city charter. (Laws 1870, chap. 519, p. 1205, § 17; Webster's Dict. "grade," both as a noun and a verb; *Brown* v. *City of Lowell*, 8 Metc. 172; *Page* v. *City of Boston*, 106 Mass. 84; Sess. Laws 1843, chap. 132, p. 144, §§ 11, 12.) It is the business of each State to construe its own statutes. (*Hoyt* v. *Thompson*, 3 Sandf. S. C. 416.) A remedial statute is to be liberally construed, and any thing is to be done in advancement of the remedy that can be given consistently with any construction that can be put upon it. (Potter's Dwarris on Statutes, 73, 74, 231, 236, 562, 614, 632; *Weed* v. *Tucker*, 19 N. Y. 433; *Mayor of Jeffersonville* v. *Weems*, 5 Ind. 547; 1 Kent's Com. 462; Smith on Stat., §§ 515, 548; Dill. on Mun. Corp., §§ 782, 783 [2d ed.].) The power to rescind its resolution is included in the power of the common council to change the grades of streets whenever it may think proper. (*Matter of Furnman Street*, 17 Wend. 650; 20 How. [U. S.] 148; Dill. on Mun. Corp., § 543.) It was not sufficient that the resolution may have been published in the city paper among the proceedings of the common council. Notice should have been brought home to the relators. (Wharton on Ev., §§ 674, 675.) The decision of the assessors is not conclusive as to the right of the relators to damages, but was subject to review by

the court. (Laws 1870, chap. 519, § 17, p. 1205 ; *Lawton* v. *Com'rs of Highways, etc.,* 2 Caines, 182–3 ; *People* v. *Hall,* 80 N. Y. 125 ; *People* v. *Board of Police,* 39 id. 506 ; *People, ex rel. Clapp,* v. *Police Board,* 72 id. 415 ; *People* v. *Assessors of Albany,* 40 id. 154 ; *People* v. *Smith,* 45 id. 772 ; *People* v. *Nichols,* 79 id. 588–9 ; *Trip* v. *Cook,* 26 Wend. 152 ; *Lawton* v. *Com'rs of Highways,* 2 Caines, 182 ; *People* v. *Hall,* 80 N. Y. 125.) If there was any right to assert that the relator's claims were barred by limitation of time, that right was waived by referring them to the assessors and by the proceedings which were afterward had on the part of the city, without insisting upon or taking any notice of such right. (*Van Vleck* v. *Burroughs,* 6 Barb. 311 ; *Clock* v. *Chadeagne,* 10 Hun, 101, 103 ; *Bommer* v. *Hinge Manuf. Co.,* 81 N. Y. 469 ; *Board of Trustees* v. *Lockport,* 3 id. 197.)

FINCH, J. There are but two questions presented for our determination on this appeal. They involve the construction of certain provisions contained in the charter of the city of Buffalo, and relating to the grade of its streets. That charter provides that " the grade of the streets shall be established and described, and the description of such grade and of all alterations thereof shall be recorded by the city clerk." (Laws of 1870, chap. 519, title 9, § 2.) A later section enacts (§ 17), that " when the city shall alter the recorded grade of any street or alley, the owner of any house or lot fronting thereon may, within one year thereafter, claim damages by reason of such alteration. Upon presentation of such claim the common council shall refer it to the assessors to hear such claim, and, if they shall allow any damages, to assess the same upon the real estate benefited by the alteration. The amount so assessed shall, when collected, be paid over to such claimant." The legal grade of the street in front of relators' premises was changed by a resolution of the common council on December 15, 1873. More than one year thereafter their intention to do the work of changing the grade was announced by due publication, and in August, 1876, the work was completed.

Within one year after that the relators presented their claims for damage to the common council, which referred them to the assessors. The latter made their report, certifying that no damages had been sustained. The relators thereupon sued out a writ of *certiorari* directed to the assessors, and it appearing from their return that damages had been sustained, and they had assumed to balance them by benefits, the General ·Term set aside their report, from which decision the assessors appeal.

It is first contended that the relators did not present their claims for damages in time because they were not presented within one year from the passage of the resolution changing the legal grade of the street, and so all right to damages was lost. But we do not see how that question is here. It was not raised before the assessors, and they neither considered nor decided it. The office of the writ is to review their action, and what they determined was, in their own words, "that there is no property damaged by the said change." If that determination upon the conceded facts was illegal their action demanded reversal, and cannot be saved by suggesting upon the hearing on return to the writ that a question might have been raised before them which was not raised, and would have justified a decision against the relators which never was made. The city might waive a limitation imposed for its benefit, or construe the charter to permit a claim within one year after actual change of grade. If the claim came too late, the city might refuse to refer it to the assessors, and so the question be raised. When they did refer the claim without objection on the ground of delay it is doubtful if the assessors could have any question before them save the fact and amount of damages. At all events, that was the sole question upon which they acted, and the inquiry here concerns what they did. But the date from which the limitation of one year begins to run is so important to be settled that we deem it best further to express our conviction that the claim for damages may be made within one year after the actual change. The letter of the statute admits of either construction, and so we are to search

for the intention of the legislature, taking into view the objects to be accomplished and the results certain to follow. If the adoption of the resolution changing the grade sets the limitation running, it follows that a right to damages arises at the same moment and becomes a vested right. The case of *McCarthy* v. *City of St. Paul* (22 Minn. 527), upon which the appellants largely rely, so determines, and permits the claimant to prove by evidence which must necessarily be but estimate. and opinion, the damages suffered. If then the city desires to rescind its resolution, how can it wipe out the right to damages already accrued and vested? If it passes another resolution again altering the grade, why is not a new right to damages at once created? The adjoining owner may easily fail to know when the resolution is passed and so lose his right if work is withheld for a year. The statute is a remedial one. Without it the abutting owner would have no remedy, and so it should receive a just and liberal construction which will tend to advance the remedy. Upon one construction the damages would be accurately known and could be easily and correctly ascertained. Upon the other they would depend largely upon mere opinion and be quite likely to produce injustice to one side or the other. Taking into account the purpose of the statute, and the results likely to follow from the construction asserted, we are of opinion that the time within which claims are to be presented runs from the actual change of grade. Until then the adjoining property suffers no real injury; the common council is left free to rescind its resolution or modify the alteration; the abutter is certain to know when his time to prosecute begins to run; and the real instead of imagined or speculative damages can be awarded.

The second question presented on the *certiorari* is stated thus in the stipulation which takes the place of the return, viz.: " That the said report and decision of the assessors is conclusive as to the right of the relators to damages, and is not subject to review by the court." It is conceded that damages were sustained, and that is not denied on the argument. The Code provides in detail what questions may be raised upon

*certiorari* and what errors may be corrected. (§ 2140.) The court must inquire " whether in making the determination any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator." Here, what the assessors did was to offset against the damages suffered the benefit received. Whether any rule of law was violated to the injury of the adjoining owners was a question raised by the writ. It was a question of law, and the decision of the assessors upon it was open to review. If it be said that their decision went not upon that ground, but was purely a finding of fact, the answer is that the contrary is conceded, and that a conclusion of fact, if without competent proof to support it, or opposed by a decided and strong preponderance of evidence, may be assailed by the relator and reviewed by the court. The decision, therefore, of the relators, adverse to all the evidence and the conceded truth, was an error subject to judicial review and correction. The point made on behalf of the assessors was properly overruled. (*People* v. *Hall*, 80 N. Y. 125.)

We find no error in the judgment of the General Term and it should be affirmed, with costs.

All concur.

Judgment affirmed.