THE PEOPLE OF THE STATE OF NEW YORK ex rel. FERDINAND W. CHASE *v.* EDWARD WEMPLE, as late Comptroller, and FRANK CAMPBELL, as Comptroller, of the State of New York.

*Tax sales — redemption therefrom under chapter 427 of 1855, as amended by chapter 556 of 1890 — duty of a person desiring to redeem — affidavits may be used on an application to redeem — review of the Comptroller's determination by certiorari.*

The right of an owner of property sold for the non-payment of taxes to redeem the lands from the tax sale, through an application to the Comptroller, is a purely statutory right, and the powers and duties of the Comptroller upon an application to redeem are all regulated by statute.

If, upon an application to redeem lands from sales for the non-payment of taxes, the Comptroller has jurisdiction of the parties and of the subject-matter of the proceedings, expressly conferred on him by statute, the courts are not permitted to look beyond the proceedings taken by and before him in determining the validity of his acts, for the purpose of subserving some supposed equities that may seem to exist in favor of one or the other of the parties, not embraced within the letter or spirit of the statute.

A redemption of land from a sale thereof for the non-payment of taxes can only be made in the manner indicated by section 74 of chapter 427 of the Laws of 1855, as amended by chapter 556 of the Laws of 1890; the limitation of time for making the application depends upon the purchaser under the tax sale having served the notice specified in section 68 of chapter 427 of the Laws of 1855, and it requires the service of that notice to set the Statute of Limitations running.

A party having a right to redeem may do so at any time within the six years allowed for the redemption, if the purchaser, or person claiming under him, shall have failed to serve notice of such sale on the occupant or occupants of the land, and to file evidence of such service in the Comptroller's office as provided by section 68 of said act.

If the occupant, or any other person interested in the land, shall fail to file in the Comptroller's office within one year after the taking effect of such act, a written notice of such occupancy, together with an application for the redemption of such lands, and to furnish the Comptroller satisfactory evidence of the occupancy, and make such redemption within two years after the taking effect of such act, then the tax sale, and any conveyance made after the filing in the Comptroller's office of evidence of the service of notice of the sale and conveyance, will become absolute, and the occupant, and all other persons interested in the land, will be forever barred unless the same is redeemed according to the provisions of such section.

Affidavits showing the occupancy of land at the time it was sold by the Comptroller for the non-payment of taxes are admissible before the Comptroller on an application to redeem the same, and it is his duty to pass upon the sufficiency thereof.

The decision of the Comptroller, in an application to redeem lands sold for the non-payment of taxes, that such lands were occupied at the time of the sale thereof, is a determination by him of a question of fact, and the Supreme Court, in reviewing by certiorari his action and determination, will not reverse his decision upon the facts unless it is entirely unsupported by the evidence or against the clear weight thereof.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of March, 1893, directed to Frank Campbell, Comptroller, and Edward Wemple, late Comptroller, of the State of New York, commanding them to return to the office of the clerk of the county of Albany all their proceedings, decisions and actions in relation to the redemption of lot 181, township 10, Old Military Tract, from the tax sales of 1871, 1877 and 1881, and all evidence, documents, records and papers submitted to them or on file in the office of the Comptroller of the State of New York in relation to the same.

*T. F. Conway*, for the relator.

*G. H. Beckwith*, for Charlotte G. Hall.

MAYHAM, P. J.:

On the 28th of March, 1893, a writ of certiorari was sued out of the Supreme Court on the petition of Ferdinand W. Chase,

directed to Frank Campbell, Comptroller, and Edward Wemple, late Comptroller, of the State of New York.

To this writ separate returns were made by the Comptroller and late Comptroller, and such returns, together with the petition, disclose that in the years 1871, 1877 and 1881 the tract of land in controversy was sold for unpaid taxes, and at each sale was bid in by the State, and a conveyance therefor was duly executed by the Comptroller to the State. That about the 30th of March, 1882, the State of New York, by letters patent, granted and conveyed all of its interest in such lands, and soon thereafter assigned to the relator the certificate of sale for 1881, and the relator thereupon entered into possession of the land so conveyed to him. About the 15th day of June, 1889, Charlotte G. Hall caused an application in her behalf to be made to Edward Wemple, then the Comptroller of the State, to redeem the lot of land in question from such tax sales on the ground that the same or some portion thereof was actually occupied at the expiration of the time to redeem from such sale, and that notice had not been served on such occupant, and the relator appeared before the Comptroller by his counsel in opposition to such motion to redeem.

Pending the application for redemption, and before the same was determined, Charlotte G. Hall commenced an action of ejectment against the relator to recover the possession of this land.

It is insisted on the part of the relator, and there is some proof in support of that contention, that, pending that action and before the determination of the motion for the redemption of this land was made, there was an understanding or agreement between the Comptroller or his deputy and the relator, that, as the ejectment suit would determine effectually the right of Hall to redeem, no action would be taken on this application to redeem until the determination of that action, and the petitioner alleges in his petition that, relying upon such understanding, he submitted no affidavits to the Comptroller in opposition to the motion to redeem.

The case discloses that that action was tried December, 1890, and resulted in the determination by the trial court against the plaintiff and in favor of the relator herein, and judgment was entered accordingly on the 18th day of September, 1891, and that no determination of the motion to redeem these lands was made by Comptroller

Wemple during his term of office, but that his successor, Comptroller Campbell, on the 28th day of November, 1892, granted such application to redeem on the ground that lot No. 181 was actually occupied on September 23, 1873, October 18, 1879, and November 23, 1883.

After procuring the allowance of such redemption, Charlotte G. Hall moved for a new trial of the action of ejectment, under section 1525 of the Code of Civil Procedure, which motion was granted February 23, 1893.

The return of Comptroller Wemple discloses that after the judgment in favor of the relator in the ejectment case, one of relator's attorneys informed the deputy comptroller of the judgment in favor of the relator in that action, and that the deputy informed such attorney that such judgment was practically conclusive against the rights of the applicant to redeem.

The return of Comptroller Campbell shows that he entered upon the duties of his office January 1, 1892; that he found pending in his office the application of Monroe Hall, dated June 15, 1889, to redeem lot No. 181 from the tax sales of 1871, 1877, 1881 upon the ground that the land was occupied at the expiration of the two years allowed by law for redemption from each of said sales, and that notice had not been served upon the occupant, and that in support of such application there were on file with the same four affidavits to establish the facts upon which the application was grounded, and no affidavits were on file or submitted by the relator Chase in opposition to such motion, and that no proof was submitted by Hall that notice had been given to Chase of the application to the Comptroller to redeem, nor did the Comptroller give him any such notice. The return also shows that Comptroller Campbell on his own motion, and without notice from him to either party, on the 28th of November, 1892, made an order allowing the redemption as asked for by the application.

Upon these facts the relator asks upon this certiorari that the order of the Comptroller, allowing a redemption of these lands, be set aside.

Charlotte G. Hall, who made the application in this case to redeem, through her father, Monroe Hall, as her attorney, claims to be owner of this lot through a deed from the original patentee

thereof. The case does not disclose that she had any notice of the talks or understanding between Comptroller Wemple or his deputy and the relator as to the effect of the ejectment action upon these proceedings, nor was Comptroller Campbell informed of the same.

The right of Miss Hall to redeem upon these tax sales, through an application to the Comptroller, is purely a statutory right, and the powers and duties of the Comptroller, upon an application to redeem, are all regulated by statute; and while it is true that the party claiming rights under such a statutory proceeding must show that the requirements of the statute have been strictly complied with, it is equally true that when, by a strict compliance with the requirements of the statute, rights have been established and fixed, the courts, when applied to for that purpose, must protect the party in the enjoyment of such rights.

Nor do we think that in a strict statutory proceeding of this character the court can look beyond the plain requirements of the statute for the purpose of subserving some supposed equities that may seem to exist in favor of one or the other of the parties not embraced within the letter or spirit of the statute.

The Comptroller, having jurisdiction of the parties and subject-matter of these proceedings to redeem, expressly conferred on him by statute, we are not permitted to look beyond the proceedings taken by and before him in determining the validity of his acts.

Section 74 of chapter 427 of the Laws of 1855, as amended by section 1 of chapter 556 of the Laws of 1890, provides as follows: " In all cases of tax sales heretofore made by the Comptroller, where the land sold was in the actual occupancy of any person at the expiration of the two years, * * * shall become absolute," etc.

This amended section is a qualification of the provision of the act of 1855, under which a redemption from a tax sale was allowed, and a redemption can now be made only in the manner indicated by section 74 of that act, as amended by the Laws of 1890. The limitation of time for making an application seems to be made to depend upon the purchaser under a tax sale serving the notice specified in section 68 of chapter 427 of the Laws of 1855, and it requires the service of that notice to set the Statute of Limitations running, and a party having a right to redeem may do so at any time within the six years allowed for the redemption thereof, if the purchaser or per-

son claiming under him shall have failed to serve notice of such sale on the occupant or occupants thereof, and to file evidence of such service in the Comptroller's office, as provided by section 68 of this act, and the occupant or any other person interested in the land shall fail to file in the Comptroller's office, within one year after this act shall take effect, a written notice of such occupancy, together with an application for the redemption of such lands, and to furnish the Comptroller satisfactory evidence of the occupancy required, and make such redemption within two years after this act shall take effect, then the tax sale, and any conveyance made after filing in the Comptroller's office evidence of the service of the notice of the sale and conveyance, will become absolute, and the occupant and all others interested in the land be forever barred, unless the same is redeemed according to the provisions of that section.

In this case it does not appear to be claimed that any such notice was actually given or any proof of the service of such notice was filed in the office of the Comptroller.

So far as appears the only thing before Comptroller Campbell at the time of ordering this redemption was the timely application for the same, the undisputed evidence of occupancy within the time which authorized the granting of an application to redeem, and the proofs that no notice of the sale and conveyance had been given by the purchaser to the party in possession and no proof of the same filed in the Comptroller's office as required by section 68 of chapter 427 of the Laws of 1855. Under such circumstances it became the duty of the Comptroller to act, and it would seem that by chapter 463 of the Laws of 1892 he was required to take action on the application on or before the 1st day of December, 1892.

But it is urged by the relator that the evidence of occupation at the time claimed in the motion to redeem was too slight and that the Comptroller erred in allowing a redemption on the same. The proof was made in the application and was supported by the affidavits of four apparently disinterested affiants. Evidence in that form was admissible, and it was the duty of the Comptroller to pass upon its sufficiency. It was a question of fact for him to find upon the proofs whether or not this lot was occupied, and upon evidence satisfactory to him he found that fact in favor of the applicant, and this court in reviewing his action and determination ought not,

unless his determination is either entirely unsupported by evidence or against the clear weight of evidence, to reverse his decision upon the facts. (*People ex rel. Brisbane* v. *Zoll,* 97 N. Y. 203.) The relator had notice of the original application to redeem, and an opportunity to controvert before the Comptroller the truth of the fact of occupancy of these lands, or of any other fact material to the question of redemption, but without any fault of the applicant, or her knowledge, or that of Comptroller Campbell, he claims to have relied upon some suggestions by the deputy comptroller that a pending action of ejectment would, when tried, determine the rights of the parties.

Under such circumstances it can hardly be said that the Comptroller, by allowing this redemption, was, by an *ex parte* action or proceeding, depriving the citizen of his property within the case of *Ostrander* v. *Darling* (53 Hun, 190).

It is quite true that loss and inconvenience may result to a purchaser against whom a redemption is allowed; and yet until all chance of redemption has been removed by the giving of the notice required by statute, and the lapse of time that bars redemption, the purchaser's title must be regarded as inchoate to such an extent that a prudent man would not take the hazard of making valuable and expensive improvements until his title had become perfect; and on the other hand, the penalties and requirements on redeeming are so severe, under the provisions of section 68 of chapter 427 of the Laws of 1855, that a party incurring the same should not be deprived of the fruits of his redemption except it be shown that his redemption falls short of the legal requirements to effect a redemption.

In this case we fail to see any defect in the acts of the Comptroller in allowing this redemption which calls for its reversal.

The order of the Comptroller must be affirmed and the writ quashed, with fifty dollars costs and disbursements against the relator.

PUTNAM and HERRICK, JJ., concurred.

Order of Comptroller affirmed, writ of certiorari quashed, with fifty dollars costs and disbursements.