THE PEOPLE OF THE STATE OF NEW YORK ex rel. RACHEL PURDY, Appellant, *v.* ASHBEL P. FITCH, as Comptroller of the City of New York, Respondent.

1. CONSTITUTION — TITLE OF LOCAL BILL.   The act, chapter 537, Laws of 1893, entitled "An act providing for ascertaining and paying the amount of damages to lands and buildings suffered by reason of changes of grade of streets or avenues, made pursuant to chapter 721 of the Laws of 1887, providing for the depression of railroad tracks in the 23d and 24th wards in the city of New York *or otherwise*," is not in contravention of the provisions of article 3, section 16, of the Constitution in force at its passage, that no local bill "shall embrace more than one subject, and that shall be expressed in the title."

2. New York City — Damages from Change of Grade — Appointment of Commissioners.   Commissioners were regularly appointed by the mayor of New York city, pursuant to chapter 537, Laws of 1893, by a certificate which required them to ascertain the damages sustained by reason of the changes of grades of streets made pursuant to the act of 1887 (Chap. 721), "or otherwise as provided by said act," meaning the act of 1893.   Thereafter, on the passage of chapter 567 of Laws of 1894, amending the act of 1893, the mayor re-appointed the same commissioners, by a certificate from which the words "or otherwise as provided by said act" were omitted, and it was claimed that the omission constituted an irregularity in the re appointment of the commissioners which affected awards subsequently made by them.   *Held*, that the certificate appeared to be broad enough to empower the commissioners to make the awards contemplated by the act of 1894; but *held, further*, that the re-appointment of the commissioners was unnecessary.

3. Mandamus.   The court will not review, upon a proceeding for a mandamus to direct the comptroller of the city of New York to pay an award made by commissioners under said acts of 1893 and 1894, the alleged improper inclusion, by the commissioners, of unauthorized items of damage in their awards.

*People ex rel. Purdy* v. *Fitch* (87 Hun, 304), reversed.

(Argued October 21, 1895; decided October 29, 1895.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made June 14, 1895, which reversed an order of the Special Term granting a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Ernest Hall* and *Thomas S. Bassford* for appellant.   A peremptory writ of mandamus should issue herein.   (Laws of 1887, chap. 721, § 1;  Laws of 1893, chap. 537;  Laws of 1882, chap. 410, § 873.)   Chapter 537 of the Laws of 1893 is remedial and should be liberally construed.   (*People ex rel.* v. *Zoll*, 97 N. Y. 203.)   The effect of an amendment of a statute made by enacting " That the statute is amended so as to read as follows," and then incorporating the changes or additions, with so much of the former statute as is retained, is not that the portions of the amended statute, which are merely copied, without change, are to be considered as having been repealed and again re-enacted, nor that the new provisions

or the changed portions should be deemed to have been the law at any time prior to the passage of the amending act. The part which remains unchanged is to be considered as having continued the law from the time of its original enactment, and the new or changed portion to have become law only at or subsequent to the passage of the amendment. (*Ely* v. *Holton,* 15 N. Y. 595 ; *Mortimer* v. *Chambers,* 63 Hun, 335, 338, 339 ; *Nash* v. *White's Bank,* 37 Hun, 57, 59, 60, 61 ; *Goillotel* v. *Mayor, etc.,* 87 N. Y. 441, 445 ; *People* v. *Suprs.,* 67 N. Y. 109 ; *In re Prime,* 136 N. Y. 347 ; *People* v. *Wilmerding,* 136 N. Y. 363 ; *Moore* v. *Mausert,* 49 N. Y. 332 ; *Calhoun* v. *D., etc., R. R. Co.,* 28 Hun, 379, 388, 389 ; *Angel* v. *Town of Hume,* 17 Hun, 374, 379, 380 ; *S. S. Bank* v. *Town of Seneca Falls,* 86 N. Y. 317 ; *In re Arnett,* 49 Hun, 599, 602, 603 ; *Benton* v. *Wickwire,* 54 N. Y. 226 ; *Hill* v. *Nye,* 17 Hun, 457, 462 ; *In re Miller,* 110 N. Y. 216, 222.) The contention that the commissioners' appointment was defective is untenable. (*Hines* v. *Mayor, etc.,* 70 N. Y. 613 ; Laws of 1894, chap. 567, § 1 ; 58 N. Y. 517, 518.) The city authorities contended below that, because chapter 567 of the Laws of 1894, section 1, recited chapter 329 of the Laws of 1892 instead of chapter 339 of the Laws of 1892, among other acts, causing damage by reason of change of grade, that, therefore, the mandamus should not issue. This is untenable. (*People ex rel.* v. *Davenport,* 91 N. Y. 575 ; *Holmes* v. *Carley,* 31 N. Y. 289.) Legislative enactments are not any more than any other writings to be defeated on account of mistakes, errors or omissions, providing the intention can be collected from the whole statute. So references to other sections or statutes, incorrectly made, will be corrected where the context, or other particulars, identify the statute or provision intended and enable the court to follow the reference with certainty. This is but making the strict letter of the statute yield to the obvious intent. (Suth. on Stat. Const. § 260 ; *Holmes* v. *Carley,* 31 N. Y. 289, 290, 291 ; *Commonwealth* v. *Marshal,* 67 Penn. St. 332 ; *Shrewsbury* v. *Boylston,* 1 Pick. 105, 108 ; *Bradbury* v. *Wagenhorst,* 54 Penn. St. 180, 183 ; *People* v. *King,*

28 Cal. 266, 273, 274, 275, 276 ; *People* v. *Hill*, 3 Utah, 334, 353 ; *Custin* v. *City of Viroqua*, 67 Wis. 314, 319 ; *Murray* v. *Hobson*, 10 Col. 66, 72 ; *Winona* v. *Whipple*, 24 Minn. 61, 64, 65 ; *People ex rel.* v. *Clute*, 50 N. Y. 451 ; *Smith* v. *People*, 47 N. Y. 335, 336, 337, 341 ; *People, etc., ex rel.* v. *Trustees*, 54 Hun, 604, 607 ; *People ex rel.* v. *Lucas*, 25 Hun, 610, 611.) Chapter 567 of the Laws of 1894 is a remedial statute, and should be liberally construed. (Suth. on Stat. Const. §§ 207, 246 ; Lewis on Em. Domain, § 216 ; *People ex rel.* v. *Zoll*, 97 N. Y. 203 ; Potter's Dwarris on Stat. 73, 74, 231, 236 ; *Weed* v. *Tucker*, 19 N. Y. 433 ; *Mayor, etc.*, v. *Weems*, 5 Ind. 547 ; 1 Kent's Com. 462 ; Smith on Stat. §§ 515, 547.)

*D. J. Dean* for respondent. The act, chapter 537 of the Laws of 1893, under which the claim of the relator was filed, and under which the commissioners claim to have made the award, is unconstitutional. (*Johnson* v. *Spicer*, 107 N. Y. 201 ; *S. M. Ins. Co.* v. *City of New York*, 8 N. Y. 253 ; *Mayor, etc.*, v. *Colgate*, 12 N. Y. 146 ; *People* v. *Hills*, 35 N. Y. 449 ; *Astor* v. *A. R. R. Co.*, 113 N. Y. 110 ; Suth. on Stat. Const. 98.) Chapter 567 of the Laws of 1894 does not help the relator. (Laws of 1892, chap. 339.) The act of 1894 conferred no jurisdiction upon the commissioners to award damages for change of grade under chapter 339 of the Laws of 1892. (*People ex rel.* v. *Clute*, 50 N. Y. 451 ; *People ex rel.* v. *Lucas*, 25 Hun, 610 ; *In re Kavanaugh*, 53 Hun, 1 ; 125 N. Y. 418 ; *Brusnahan* v. *M. College*, 53 Hun, 48 ; *St. Francis Hospital* v. *Schreck*, 3 Dem. 225 ; *People ex rel.* v. *Lohmas*, 54 Hun, 604 ; *Merritt* v. *Portchester*, 71 N. Y. 309 ; *In re Gilroy*, 85 Hun, 424 ; *Ex parte Bevins*, 33 N. H. 89 ; *Locke* v. *Ross*, 30 Ala. 156 ; Endlich on Stat. § 345 ; *Denn* v. *Diamond*, 4 B. & C. 243 ; *Doe* v. *Snaith*, 8 Bing. 152 ; *Partington* v. *Atty.-Gen.*, L. R. [4 H. L.] 100 ; *Iles* v. *West Ham Union*, L. R. [8 Q. B. D.] 69 ; *Mason* v. *Police Jury*, 9 La. Ann. 368 ; *St. Louis* v. *Laughlin*, 49 Mo. 559 ; *Moseley* v. *Tifft*, 4 Fla. 402 ; *In re Hollister Bank*, 27 N. Y. 393.)

HAIGHT, J.    On the 14th day of November, 1894, the commissioners appointed under chapter 537 of the Laws of 1893, as amended by chapter 567 of the Laws of 1894, made an award to the relator, under and pursuant to the provisions of those acts, for damages sustained by her in consequence of a change of the grade of streets in front of premises owned by her.

The comptroller having refused to pay the award, a peremptory writ of mandamus directing him to pay the same was, on the motion of the relator, issued by the Special Term. On appeal, however, the General Term reversed the order and directed that the motion of the relator be denied.

It is now contended that chapter 537 of the Laws of 1893 is in contravention of article 3, section 16 of the Constitution, then in force, which provides that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." The title of the act is : "An act providing for ascertaining and paying the amount of damages to lands and buildings suffered by reason of changes of grade of streets or avenues, made pursuant to chapter 721 of the Laws of 1887, providing for the depression of railroad tracks in the 23d and 24th wards in the city of New York *or otherwise.*"

The act in question is, undoubtedly, local, and if it contains more than one subject it is within the condemnation of the Constitution. Its character is remedial and should be liberally construed. (*People ex rel. Brisbane* v. *Zoll,* 97 N. Y. 203.) The whole question necessarily depends upon the meaning that is to be given to the words "or otherwise." If they relate to the depression of the railroad tracks authorized by chapter 721 of the Laws of 1887, and the depression of such tracks is the subject expressed in the title under consideration, then there is a reference to something not fully expressed in the title, and consequently there is a failure to comply with the provision of the Constitution referred to. But such is not our understanding of the language used. Changes of the grades of streets and avenues had been authorized and made

in the twenty-third and twenty-fourth wards of the city, under the provisions of the Laws of 1887 and other acts, but no provision had been made for compensating the owners of lands abutting upon such streets for the damages they had sustained under any of such acts. It was to afford relief in this regard that the act in question was passed, and the subject expressed is unquestionably the payment of the damages sustained. There is a limitation to the territory to which the act applies to the twenty-third and twenty-fourth wards of the city. It also limits the damages to those sustained by reason of the changes of grades of streets and avenues. It particularly specifies the changes of grades authorized by the law of 1887, but does not limit the awarding of damages to the changes authorized by that act, but includes changes " otherwise " made pursuant to authority. This, it appears to us, is the fair reading and the reasonable interpretation of the language used; and if we are correct in this view, it follows that but one subject is mentioned, and that is expressed in the title.

The General Term appears to have reached the conclusion that there was an irregularity in the appointment of the commissioners which affected the award made by them, and the reversal of the order of the Special Term appears to have been made for this reason. No criticism is made as to the appointment of the commissioners, made pursuant to the act of 1893. After the passage of the amendatory act of 1894, the mayor re-appointed the same commissioners. The amendatory act enumerated a number of other acts, together with that of 1887, under which changes of grades of streets had been and were to be made, all of which were to be considered by the commissioners in estimating the damages that should be awarded to claimants. The appointment of commissioners made in 1893 was made pursuant to chapter 537 of the Laws of that year, and required them to ascertain the damages that had been sustained by reason of the changes of grades of streets, made pursuant to the act of 1887, "or otherwise as provided by said act," meaning the act of 1893. It will thus be seen that the damages that were to be awarded were not

limited to the changes of grades made pursuant to the law of 1887 alone, but they were also authorized to award damages for the changes of grades that had been "otherwise" authorized. In re-appointing the commissioners under the amendatory act of 1894, the concluding phrase is omitted. The certificate is as follows: "City of New York— Office of the Mayor. Know all men by these presents, that, under the provisions of chapter 567 of the Laws of 1894, amending chapter 537 of the Laws of 1893, I do hereby appoint Daniel Lord, James M. Varnum and Daniel P. Hays, as commissioners, to ascertain and pay the amount of damages to lands and buildings suffered by recent changes of grade of streets and avenues, made pursuant to chapter 721 of the Laws of 1887." The defect referred to by the General Term is in referring to the Laws of 1887 alone, and not including other acts under which changes of the grades of streets had been made. But these acts are enumerated in the act of 1894, and the commissioners by that act were authorized to award the damages by reason of the changes made under the acts so enumerated. They were appointed pursuant to the provisions of the latter act. They qualified under that act, and it appears to us that the certificate is broad enough to empower them to make the awards contemplated by its provisions.

But the re-appointment of the commissioners was unnecessary. Their appointment in 1893 was regular and valid. The certificate of appointment gave them full power to award the damages sustained. The appointment was made pursuant to the second section of the act. That section was amended by the act of 1894 by the addition of but three words, and those words have reference only to the awarding of damages to be sustained in the future. The provisions authorizing the appointment of commissioners, their qualifications, etc., remained unchanged. Their duties were enlarged, and this was all that was contemplated.

It is contended that the commissioners have improperly included in their awards items of damage which were unauthorized; that they have included prospective damages

46

under chapter 339 of the Laws of 1892, and that such was unauthorized. But we do not feel called upon to consider these questions upon proceedings for a mandamus. If the commissioners have included improper items, or have adopted a wrong basis in estimating damages, they may be corrected upon review in proceedings for that purpose.

A writ of certiorari was issued to review the proceedings had before the commissioners. The order issuing such writ has been affirmed in this court.* The order of the General Term should, therefore, be reversed and that of the Special Term awarding a mandamus affirmed, with costs; but the issuance of the mandamus should be stayed until the final determination of the proceedings under the writ of certiorari.

All concur.

Ordered accordingly.