BABBETT, J.
—The sole question here presented is whether the commissioners were authorized to award damages to the claimant for changes of grade in front of her premises, made pursuant to chapter 339 of the Laws of 1892. It seems that the act under which the commissioners proceeded (chapter 567 of the Laws of 1894) specified chapter 329 of the Laws of 1892 as one of the acts which authorized the change of grade, and did not specify chapter 339. This was evidently a clerical error, for chapter 329 is an enactment entirely foreign to the subject in question. This chapter 329 relates solely to the powers of the board of health in the city of Hew York with regard to tenement houses, and has no reference, direct or indirect, to change of grade. Chapter 339, on the other hand, relates directly to the changing of the grade of the Hew York & Harlem Bailroad, and provides for all changes in avenues or streets that may be necessary by reason of such change of grade. It is perfectly evident that the legislature intended to afford relief against the consequences of the particular change of grade authorized by the chapter. Any other view would attribute to that body senseless legislation. In 1893 the legislature made provision for ascertaining and paying the damages to lands and buildings suffered by reason of changes of grade of streets and avenues made pursuant to chapter 721 of the Laws of 1887. It was found that this act did not afford adequate relief, as changes of grade had been made pursuant to other acts besides that of 1887. The act of 1894 was then passed. This latter act amended that of 1893 so as to cover other acts under which changes of grade had been made. The clear intention of the legislature was to embrace all other acts relating to the subject-matter, and thus to afford complete and adequate relief to the property owners whose lands had been damaged. The claim of the relator is that this intention should be frustrated, because, in preparing the act, the draftsman inadvertently wrote “ three hundred and twenty-nine ” where he should have written “ three hundred and thirty-nine.” This claim is without merit. The intention should govern, and this erroneous enumeration should not prevent our giving due effect to what was really enacted. The commissioners’ return shows that chapter 339 of the Laws of 1892 is the only act passed during that year referring to a change of grade within the area mentioned in the act of 1894. The enumeration in the act of 1894 of a particular law passed in 1892 may, therefore, be disregarded, and the section wherein this law is inaccurately specified treated simply as though they referred to changes of grade made pursuant to authority conferred by the legislature at its session in 1892; that is, authority to be found within the Session Laws of that year, without particularizing where therein. The substance of the legislation is to provide for ascertaining and paying the damages to lands and buildings suffered by these changes of grade. That purpose is embraced in the title of the act in question, as well as in the title of the *762 preceding act of 1893. It also permeates every section of both acts. The acts are themselves remedial, and should be liberally construed. People v. Fitch, 147 N. Y. 355 ; 69 S. R. 706. Such legislation, as was said in People v. Zoll, 97 N. Y. 203, “ should receive a just and liberal construction, which will tend to advance the remedy.” The intention was to embrace all the acts under which changes of grade had been made, and to afford the property owners full redress therefor in a single proceeding. ' The amendment of 1894 was expressly passed to effect this purpose. The context, too, is in complete harmony with the general purpose. All the provisions identify and point .unerringly to the particular statute which was intended. The mistake was just as evidently clerical as it was in People v. Lohnas, 54 Hun, 604, 28 S. R“ 246, where the court construed the expression “ section two of this act ” to mean, not literally the second section of the act itself, as that second section was simply a provision that the act should take effect immediately, but the second of certain new sections added to a village charter by the first section. “ We must give effect,” said the court, to the obvious intention of the legislature, when to do so will prevent the act from failing, and when no violence will be done to the language employed.” To the same effect are People v. Clute, 50 N. Y. 451, Smith v. People, 47 N. Y. 335, and People v. Lucas, 25 Hun, 610. We see no reason why the ordinary canons of construction should not be applied to references in an act to previous legislation the same as to any other part of the act. Inaccuracies with regard to the numbering of an act, or the sections thereof, when palpable, ought not to be permitted to nullify the legislative intent. Such inaccuracies may be cured, and the real sense clarified, by reference to the context and surroundings. As was well said in Turnpike Co. v. MoICeon, 6 Hill, 619, “ the maxim, ‘ Palso demonstratio non nocet,’ is founded in common sense as well as law, and is not less applicable to statutes than to wills and deeds.” There can be no doubt, in our judgment, that the legislature here intended to cover damages sustained by changes of grade resulting from the exercise of the authority conferred by chapter 339 of the Laws of 1892. Our conclusion consequently is that the commissioners properly awarded to Rachel Purdy the damages which she suffered by reason of the change of grade effected under the provisions of that act.
The proceedings of the commissioners should therefore be affirmed, with costs.
All concur.