PEOPLE ex rel. FITCH, Comptroller, v. LORD et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

MUNICIPAL IMPROVEMENTS—CLAIMS FOR DAMAGES.

Under Laws 1893, c. 537 (amended by Laws 1894, c. 567), creating a right in owners of land abutting on certain streets in New York City to file claims and prove and recover damages caused by changes of grade, no award can be recovered by a person claiming either as administrator of a prior owner in fee, or as executor of a deceased life tenant, both of whom died before the enactment of the statute, or as testamentary guardian of the infant owners in fee; for in neither capacity has he any title to the land.

Certiorari by the people, on the relation of Ashbel P. Fitch, comptroller, against Daniel Lord and others, to review an award made by the commissioners of the change of grade damage commission. Judgment reversed.

Chapter 537 of the Laws of 1893 provides:

"Section 1. All persons owning lands, tenements or hereditaments * * * who have sustained damage by reason of the change of grade of any street or avenue * * * shall be entitled to prove and recover the same from the mayor," etc.

"Sec. 2. * * * Said commissioners, or a majority of them, shall have exclusive jurisdiction to estimate the loss and damage which each owner of land, or land and building fronting on any such street or avenue * * * has sustained by reason of such change, when such owner shall have filed with the comptroller of said city a claim for damages. * * * Such claim must be filed with such comptroller * * * within six months after the first public meeting of said commissioners.

"Sec. 3. It shall be the duty of said commissioners * * * after duly considering the evidence, to award such damages to the respective parties filing such claims as shall be under the circumstances and on the evidence presented just and equitable. * * *"

The amended act (chapter 567 of the Laws of 1894) does not materially alter, so far as the questions here involved are concerned, the provisions of the original act.

The claim herein filed was entitled, "In the Matter of the Claim for Damages of Henry Zubiller and Louis Schaefer, Executors, for Change of Grade," etc.    And in the petition of Henry Zubiller it is stated that he is an executor of the former owner in fee of certain premises.  The claim was filed within six months, as provided by the act.  The findings of the commissioners, so far as material, are:  "First.  *  *  *  That said claimants have satisfactorily established before us ownership of said premises; that a motion was duly made by claimants to amend the notice of claim herein so as to read, 'Henry Zubiller and Louis Schaefer, as administrators with the will annexed of the estate of John F. Kocher, deceased,' instead of 'Henry Zubiller and Louis Schaefer, executors,' which motion was duly granted.  *  *  *  Fourth. That, upon the evidence presented, we award, as just and equitable damages, under the circumstances of this case, to the said Henry Zubiller and Louis Schaefer, as administrators with the will annexed of the estate of John F. Kocher, deceased, the sum of," etc.  It is conceded with respect to the title of this property that John F. Kocher died seised in fee of the same on January 6, 1891.  He devised the property to his wife, Margaret Kocher, for life, with remainder to his children, who were minors.  Margaret Kocher, the wife, died in April, 1892, and the life estate thus terminated.  But she nominated Henry Zubiller, George Kocher, and Louis Schaefer as her executors, and also guardians of the persons and estates of her infant children; and they subsequently qualified as testamentary guardians under her will. Thus, before the passage of the act of 1893 the title to this property was vested in fee in the children, as tenants in common.  The children are still living.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert C. Beatty, for relator.
Ernest Hall and T. S. Bassford, for respondents.

O'BRIEN, J.  The appellant insists that the claim was filed by, and the award made to, the wrong parties.  It is certain that the claim, as filed, did not conform to the act, because the claimants, Henry Zubiller and Louis Schaefer, must be regarded, legally, as strangers to the title.  They were administrators with the will annexed of the original owner, executors of the will of the life tenant, and guardians, under the will of the mother, of the infant children remaining.  But in neither of these capacities did they take any title to, or become owners of, the property.  It is admitted by the return that these claimants never had title to the property in question, "except as guardians as aforesaid."  But the guardians have not title to the infants' property.  Furthermore, the commissioners made the award to the claimants as administrators, instead of as guardians; and, if that determination is to stand, their rights as guardians are not strictly involved.  It was said in the case of People v. Lord, 9 App. Div. 460, 41 N. Y. Supp. 343, which involved a claim before these same commissioners, and a construction of the acts in question upon another point:

"The acts are themselves remedial, and should be liberally construed   People v. Fitch, 147 N. Y. 355, 41 N. E. 695.  Such legislation, as was said in People v. Zoll, 97 N. Y. 203, 'should receive a just and liberal construction which will tend to advance the remedy.' "

The difficulty here, however, is that no construction, however liberal, which would stop short of an attempt on our part to make new legislation, could aid the respondents.  The act expressly limits the

right to file a claim, and to prove and recover damages, to "persons owning land"; and it is admitted by the return that these claimants never had any title to the property in question, "except as guardians as aforesaid." But the guardians, as such, have no title to the infants' property. Apart from this, as the commissioners have made the award to the claimants as administrators, instead of as guardians, their rights as guardians are not involved. Whether we regard the claimants as administrators with the will annexed of the original owner, as executors of the will of the life tenant, or as guardians under that will of the two infant children as remainder-men, in none of these capacities have they title to the property. Legally, their claim is in a capacity adverse to the children, who, as remainder-men under the will of their father, were at the time of the passage of the act, and now are, vested with the fee, as tenants in common. It is clear that the award to the claimants as administrators of the original owner cannot be sustained, because it would be in derogation of the title to the true owners of the property. The testator of the claimants died before the passage of the act, at a time when no right to recover damages for change of grade existed. At common law, no such right was given, and it has been obtained purely by force of the statute; and only the persons upon whom the statute conferred the right to such awards are entitled to file a claim therefor, or to receive it.

It appearing, then, as said, that these claimants, at the time of the filing of the claim and the making of the award, were strangers to the title, the judgment of the commissioners must be reversed, and the claim dismissed, with costs. All concur.