(58 Misc. Rep. 5.)

## In re LOCKITT.

## In re STEWART.

(Supreme Court, Special Term, Kings County. February, 1908.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—POWER TO MAKE—STATUTORY PROVISIONS.

Laws 1907, p. 124, c. 91, declaring that the total expense of widening L. street in the borough of Brooklyn shall be borne by the city of New York notwithstanding any assessment theretofore levied on the property benefited, is not ineffective because of its erroneous statement of the date of the resolution of the board of estimate by which the improvement was authorized.

2. STATUTES—EXPRESSION IN TITLE OF SUBJECT OF ACT.

Laws 1907, p. 124, c. 91, entitled "An act to provide for the expense of widening L. street in the borough of Brooklyn, city of New York," declaring that the total expense of the improvement shall be borne by the city of New York notwithstanding any assessment theretofore levied on the property benefited, and directing the cancellation of all such assessments remaining unpaid and the refunding of any such assessments paid, embraces but a single subject, namely, a new or further method of defraying the expense of widening L. street, which subject is expressed in its title, in compliance with Const. art. 3, § 16, providing that no private or local bill shall embrace more than one subject, which shall be expressed in the title.

3. COURTS—UNITED STATES COURTS—FEDERAL QUESTION.

Laws 1907, p. 124, c. 91, declaring that the total expense of widening L. street in the borough of Brooklyn shall be borne by the city of New York notwithstanding any assessment theretofore levied on the property benefited, and directing the cancellation of all such assessments remaining unpaid, and the refunding of any such assessments paid, passed after the entry of a final order by which the various steps, including the fixing of a district of assessment and the apportionment of the assessment against each parcel to be benefited, were confirmed, which assessments so fixed and apportioned were entered on the appropriate tax and assessment books, and thereupon became liens on the separate parcels against which entered, does not raise any question under the provisions of the Constitution of the United States; the rule being that the imposition of new burdens on a municipal corporation, or the taking from it of a former right or property by the legislative action of the state, does not raise a federal question.

4. CONSTITUTIONAL LAW—VESTED RIGHTS.

Laws 1907, p. 124, c. 91, declaring that the total expenses of the widening of L. street in the borough of Brooklyn shall be borne by the city of New York notwithstanding any assessments theretofore levied on the property benefited, and directing the cancellation of all such assessments remaining unpaid and the refunding of any such assessments paid, passed

after the entry of a final order by which the various steps, including the fixing of a district of assessment and the apportionment of the assessment against each parcel to be benefited, were confirmed, which assessments so fixed and apportioned were entered on the appropriate tax and assessment books, and thereupon became liens on the separate parcels against which entered, is not in violation of the state Constitution as impairing a property right of the city in the assessments levied, resting on a judgment of a court of competent jurisdiction, since while the order, so far as it divested the title to real estate by virtue of the right of eminent domain and fixed the compensation, had all the force and effect of a judgment which the Legislature could not undo. So far as the court by the order apportioned and imposed an assessment, it acted as but a legislative agency in the exercise of a taxing power.

5. TAXATION—POWER OF STATE.
   The whole power of taxation within defined limits is with the Legislature.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 59.]

6. MUNICIPAL CORPORATIONS—IMPROVEMENTS—TAXATION—PUBLIC PURPOSE.
   The widening of a street is a public purpose, to defray the expense of which a tax may be levied.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 2039.]

Two applications for mandamus, one by Clement Lockitt, and the other by Horatio S. Stewart, to compel the officers of the city of New York charged with the performance of the duties specified by Laws 1907, p. 124, c. 91, providing that the total expense of the improvement of Livingston street in the borough of Brooklyn should be borne exclusively by the city notwithstanding any assessment theretofore levied, to comply therewith. Writs issued.

Hugo Hirsch and H. G. Andrews, for petitioners.
William N. Dykman and Edward M. Grout, for intervening property owners.
Theodore Connoly, for city of New York.

CARR, J. Shortly prior to 1906 the city of New York, through its board of estimate and apportionment, proceeded under the provisions of its charter to widen Livingston street in the borough of Brooklyn. According to the resolution of its board of estimate and apportionment the expenses of the improvement were to be borne in the proportion of 75 per centum by the city at large, and 25 per centum by the property deemed to be benefited. Proceedings were instituted in this court on the part of the city to acquire the lands necessary for the improvement, to determine the expense thereof, to fix a district of assessment, and to adjust and lay the respective proportionate assessments on the separate parcels of real estate within the district of assessment. These proceedings ended in this court by a final order by which all the various steps taken in the proceeding were confirmed, including the fixing of a district of assessment and the apportionment of the assessments against each parcel to be benefited. The assessments so fixed and apportioned were entered upon the appropriate tax and assessment books of the city of New York, and thereupon became liens on the separate parcels of real estate against which they were entered.

On April 2, 1907, an act went into effect as chapter 91, p. 124, Laws

1907, entitled "An act to provide for the expense of widening Livingston street in the borough of Brooklyn, city of New York." This act provides that the total expense of the improvement in question "shall be borne exclusively by the city of New York, notwithstanding any assessment heretofore levied on the property benefited by such improvement." It directs the cancellation of all such assessments remaining unpaid, and the refund of any such assessments which had been paid. It provides for the levying of the total cost of the improvement in the tax levy of 1908, and further directs the issuance of revenue bonds of the city, in anticipation of such tax levy, for the purpose of procuring moneys with which to make the refunds above specified.

The public officers of the city charged with the performance of the duties it specifies refuse to comply therewith, on the claim that the act is unconstitutional and void. The petitioners in these two proceedings are owners of property within the district of assessment against which assessments have been laid under the proceedings above described. The validity of the act is assailed on various grounds. Although, in the opinion of this court, every question of law presented on the argument of this motion has been the subject of repeated decisions heretofore, and should be considered well settled, if it is possible for any legal point to be well settled, yet, in deference to the elaborate and earnest briefs submitted by the respective counsel, it may be advisable to consider in detail, though briefly, the various objections made to the validity of this act.

It appears that the improvement in question was authorized by the board of estimate by a resolution adopted on the 23d of December, 1904, to carry out a change of the map of the city of New York, made by the same body by resolution on July 8, 1903, and amended by resolution of July 28, 1903. In the body of the act these resolutions are referred to as "the resolution of said board adopted on the 28th day of July, 1903." It is urged, therefore, that the act in question is wholly ineffective, because of its erroneous statement of the date of the resolution in question. This objection is of no real importance. The intention of the Legislature is amply clear, and its intended purposes cannot fail of execution simply because of a manifestly clerical error of this character. People ex rel. Fitch v. Lord, 9 App. Div. 458, 41 N. Y. Supp. 343.

All of the remaining objections to the act concern themselves with the claim of unconstitutionality under either our state or the federal Constitutions.

It would be more orderly to consider first the objection made as to the form of the act on the ground that its title does not comply with article 3, section 16, of our state Constitution, which provides that:

"No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

It is urged that the act in question contains more than one subject, and that its title fails to express these subjects. I cannot see that more than one subject is contained in the act. There are, of course,

several details provided, but all for the accomplishment of one purpose, viz., providing a new or further method of defraying the expense of widening Livingston street; and this subject is expressed in the title of the act with commendable clearness and comprehension. It would be idle to consider in detail the unnecessary array of authorities cited by the respective counsel on this point. It will be sufficient to recall the decisions in Matter of Clinton Avenue, 57 App. Div. 166, 68 N. Y. Supp. 196, and Id., 167 N. Y. 624, 60 N. E. 1108, in which there is a very comprehensive review of the law on this question, and in which a title far less explicatory of the subject-matter of the act was held a sufficient compliance with the requirements of the Constitution. This case has not been cited, however, by either counsel. In this last-mentioned case the act in question provided for the widening of Clinton avenue in the borough of Brooklyn, the creation of court-yard spaces, the fixing of a district of assessment, the taking of land by eminent domain, and the apportionment and assessment of the expenses of the proceeding. The title of the act was simply "An act in relation to Clinton avenue in the borough of Brooklyn, in the city of New York.".

The further objections to the present act, while stated in a variety of forms, reduce themselves practically to but one proposition, viz., that by the final order entered in the proceeding taken under the provisions of the Greater New York Charter the city of New York became possessed of a property right in the assessments levied against the several parcels of real property situated in the district of assessment, and that such right, resting upon a judgment of a court of competent jurisdiction, is above legislative control, both under the federal and our own Constitution. In answer to this contention it may be said conclusively that no federal question can be involved here. It has been uniformly held by the Supreme Court of the United States that the imposition of new burdens upon a municipal corporation, or the taking from it of a former right or property by the legislative action of the state, does not raise any question under the provisions of the Constitution of the United States. Atkin v. Kansas, 191 U. S. 207, 24 Sup. Ct. 124, 48 L. Ed. 148; Williams v. Eggleston, 170 U. S. 304, 18 Sup. Ct. 617, 42 L. Ed. 1047; City of New Orleans v. New Orleans Waterworks Co., 142 U. S. 79, 12 Sup. Ct. 142, 35 L. Ed. 943; Essex Public Road Board v. Skinkle, 140 U. S. 334, 11 Sup. Ct. 790, 35 L. Ed. 446.

We are brought, therefore, to a consideration of the question as affected wholly by the provisions of our own Constitution. It is true that the final order in the proceedings referred to has all the force and effect of a judgment, and that, ordinarily, the Legislature cannot undo a judgment, or deprive the successful party of its fruits. But the final order herein is of dual nature. So far as it divests the title to real estate by virtue of the right of eminent domain and fixes the compensation of the owner, the court acts judicially as in a controversy between private parties; but, so far as it apportions and imposes an assessment, it acts as but a legislative agency in the exercising of a taxing power. A tax levy made by public officers, if regular in form and within their jurisdiction, has as much power and

force of a judgment as if made by the confirmatory order of a court. The inviolability of these assessments depends in no way upon the form of the machinery by which the Legislature had directed their levy originally. The whole question of taxation, within defined limits, is with the Legislature. What it can take it may remit under many circumstances. What it has prescribed it may change. People ex rel. Lucey v. Molloy, 35 App. Div. 136, 54 N. Y. Supp. 1084, affirmed on opinion below, 161 N. Y. 621, 55 N. E. 1099.

It is a mere petitio principii to urge that the defrayment of the expenses of this improvement is not a public purpose for which a tax may be levied. If the widening of Livingston street was not a public use, then the city had no right to institute the proceeding at all, nor to take the lands of abutting owners by the power of eminent domain.

It follows, therefore, that chapter 91, p. 124, Laws 1907, is valid and effective, and that the petitioners are entitled to writs of peremptory mandamus.