In the Matter of the Estate of MARY ELLEN MURRAY, Deceased.

Surrogate's Court, Richmond County, February 19, 1932.

*Frederick W. Clifford,* for James C. Crane, public administrator.

*William L. Richman,* special guardian for unknown heirs.

SMITH, S.   The public administrator of the county of Richmond has applied to the Surrogate's Court of the county of Richmond for a judicial settlement of his account, as administrator of the estate of Mary Ellen Murray, deceased.

It appears from the papers submitted that the entire estate of the decedent consisted of an account in the Staten Island Savings Bank amounting, with interest, to the sum of $249.61, and an account in the Richmond County Savings Bank amounting to the sum of $29, or a total estate of $278.61.   There has been paid from said assets the sum of $183.75 for funeral expenses, leaving a balance of $94.86, which was expended by the deduction of $13.93 for the commissions of the public administrator,  and the sum of $80.93 for legal services rendered to the said administrator.

The petitioner states that he is unable to ascertain the names of the next of kin of the decedent, but shows no efforts in that behalf.

The special guardian appointed in the proceeding objects to the charges of the attorney for the petitioner as excessive and for needless services performed, and I agree with the special guardian that the preparation of the petition for letters of administration, and which showed that there were no next of kin " as far as is known to your petitioner," and which does not show that any efforts were made to ascertain whom such persons might be, and the preparation of the designation of the clerk of the Surrogate's Court to receive service of process, is not of the value of $41.01, as such services would not take a half hour of any attorney's time; and also that the proceeding to exempt the estate from estate tax was needless, as all estates of less than $5,000 are exempt from estate tax (Tax Law, art. 10-C, § 249-n); and that a proceeding for an accounting is unnecessary under subdivision 16 of section 24 of the act relating to a public administrator of the county of New York (Laws of 1898, chap. 230), which specifically states that all estates, after payment of debts and expenses of administration, which amount to less than $250, shall be paid into the city treasury to the credit of the account of intestate estates.

The public administrator of the county of Richmond operates under chapter 555 of the Laws of 1931, which statute contains a provision that "All other provisions of law, not inconsistent herewith, conferring jurisdiction, authority or power on, or defining the duties or obligations of the office of public administrator of the city of New York, shall apply to the office of public administrator of the county of Richmond."

There has been no public administrator of the city of New York since January 1, 1898. Prior to that time there was a public administrator of the city of New York but the title was changed by section 1585 of the charter of the city of New York. Unquestionably the Legislature in referring to the public administrator of the city of New York, in the amending act in relation to the public administrator of the county of Richmond, meant the public administrator of the county of New York. The same language was used in the Surrogate's Court Act, section 124, in relation to the public administrator of Kings county, and in section 125 of said act in relation to the public administrator of Erie county, but each of said sections referred also to the office of public administrator in the several counties of the State, which would include the public administrator of the county of New York. Such reference as to the several counties of the State was not, however, included in the amending statute in relation to the office of public administrator of the county of Richmond, but I hold that the statute relating to the office of public administrator of the county of Richmond, which refers to the public administrator of the city of New York, means the county of New York rather than the city of New York, for a mistake in a statute is to be construed according to the natural import of the words used. (*People ex rel. Fitch* v. *Lord*, 9 App. Div. 458; *Matter of Lockitt*, 58 Misc. 5), and where the meaning and intent of the statute are plain in view of all of the circumstances they will control verbal inaccuracies. (*McKee Land & Improvement Co.* v. *Williams*, 63 App. Div. 553; affd., 173 N. Y. 630.)

The meaning and intent of the Legislature are plain. The reference was to the public administrator of the county of New York, formerly the city of New York.

I will allow the public administrator, for his attorney's services in preparation of petition and designation of clerk to receive process, the sum of thirty dollars and fifty cents, which is ample for the services performed. Any other legal services performed by the attorney were needless, and any other services in connection with the estate should have been performed by the public administrator, and he should not be allowed fees paid to counsel for doing what he should have done. (*Matter of Quinn*, 16 Misc. 651.)

The application of the public administrator for a judicial settlement of his account is denied and the public administrator is surcharged with the sum of fifty dollars and thirty-four cents, and after the deduction of the fees of the special guardian, which are fixed at the sum of twenty-five dollars, the public administrator is directed to pay the balance of the estate into the city treasury to the account of intestate estates, and file the receipt therefor in the clerk's office of this court.