PEOPLE ex rel. COLER v. LORD et al.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

CHANGE OF STREET GRADE—COMPENSATION.

    Upon certiorari to review an award for damages caused by a change of street grade, under Laws 1893, c. 537, as amended by Laws 1894, c. 567, it appeared that the land in question had been owned by the claimant's husband, who died leaving his widow and two infant children, one of whom subsequently died intestate, in 1893, before the claim was filed. No claim was made on behalf of the other infant. The commissioners determined the value of the claimant's dower interest, and of her interest in the share of the deceased child, but awarded to her the entire fee value. *Held*, that the award should be reduced to the amount of the two former items.

Certiorari by the people, on the relation of Bird S. Coler, against Daniel Lord and others, to review an award made to Frances Kaesemeyer. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

R. C. Beatty, for appellant.
Ernest Hall, for respondents.

PATTERSON, J. The writ of certiorari in this case was issued to review an award made by the respondents, commissioners appointed under the provisions of chapter 537 of the Laws of 1893, as amended by chapter 567 of the Laws of 1894, to estimate the damages caused to owners of lands, etc., by the change of grade of streets and avenues necessitated by an improvement connected with the depression of tracks of the Harlem Railway Company in the city of New York. By those statutes it is provided, among other things, that all persons owning lands, tenements, or hereditaments who have sustained damages by reason of the change of grade of any street or avenue shall be entitled to prove and recover the same, such proof to be made before commissioners, who, or a majority of whom, shall have exclusive jurisdiction to estimate the loss and damage which each owner of land or a building fronting on any such street or avenue has sustained by reason of such change, when such owner shall have filed with the comptroller of the city a claim for damages; and that it shall be the duty of the commissioners, after duly considering the evidence, to award such damages to the respective persons filing such claims as shall be, under the circumstances and on the evidence presented, just and equitable. The petitioner in this proceeding, Frances Kaesemeyer, filed a claim with the comptroller within the proper time, and in that claim set forth that she was the owner in fee of certain premises located on the south side of 175th street, in the 24th ward of the city of New York, which premises were designated on the tax map as "Ward No. 37, in Block No. 1173." Jurisdictional facts were then set forth. The nature of the damage to the land was also stated, and it was averred that the entire amount of loss and damage suffered by the petitioner was the sum of $1,000. Acting upon the evidence presented to them, the commissioners made a report that the whole damage to the fee was the sum of $500. They decided that all of that amount was payable to her, and they so awarded it. The relator, the comptroller of the city of New York, objects to this award, claiming that under the proof as adduced, showing what title and interest the petitioner had in the premises, she was not entitled to the whole of such award, but only to a proportionate part thereof.

The papers now before the court bearing upon the merits of the controversy consist of the petition and the return of the commissioners, and, by the agreement of the parties, the facts relating to the petitioner's title are admitted to be as stated in the return of the commissioners; and it appears therefrom that on November 14, 1892, the premises belonged in fee to one Julius Kaesemeyer, who died on that day, intestate, leaving a widow, the claimant here, and two chil-

dren. One of the children died intestate on the 6th day of May, 1893, before any claim had been filed concerning these premises with the commissioners. The other infant child is still living. On the proceedings before the commissioners, the notice of claim filed by Frances Kaesemeyer, in which she claimed to be the owner of the whole fee, was amended so as to make it a claim of Frances Kaesemeyer and Julius Kaesemeyer, the surviving infant. That amendment was objected to by the corporation counsel, but no contest is now raised respecting it, the only question being as to the propriety of the award of the whole $500 to the petitioner, Frances Kaesemeyer.

We think the award as made by the commissioners was erroneous in part. The ownership of the property at the time the claim was filed, and when the award was made, was in Frances Kaesemeyer, the petitioner, to the extent of her dower interest and a life estate in the one-half share of the deceased child. The fee of the other half vested in the surviving child, for whose interest no claim for damage was made. The commissioners decided that the proportionate part of the award of $500 that the dower estate of the claimant bears to the whole fee was $85.58, and that which the life estate in the undivided one-half subject to the dower bears to the fee was $106.39; and we are of the opinion that those two sums are all to which the petitioner was entitled. The owner of land, under the statute, is entitled to an award of such damages as that owner may have sustained by reason of a change of grade. That must necessarily be the damage to the interest of that particular owner, and cannot be such as is sustained by any other owner. These commissioners have separated that damage, have not only decided that it was capable of ascertainment as to each particular interest, but have fixed the exact amount of the damage to the dower interest, and of the damage to the life estate of the petitioner in the one-half that had belonged to her deceased child. The effect of these statutes cannot be to enlarge the interest of a part owner, or to give him any more damage than he has actually sustained. If all the interests had been represented and proven before the commissioners, it is not to be doubted that they would have been compelled to make the distribution of the $500 among all the owners, according to their respective interests; that is to say, to the petitioner the value of her dower interest and value of her life estate in the one-half, and to the other owner the value of his fee. That the other owner is not represented and makes no application for compensation is no reason why the commissioners should award to the petitioner the value of that unrepresented interest. It did not belong to the petitioner. She was not the owner of it, and the purpose of the statute is to give to those who demand it compensation for the damage to the interests they are entitled in the land.

It is conceded by the city that the dower interest must be paid for; but it is objected that there is no right in the petitioner to the value of the life interest in the half which belonged to the deceased child. We think the petitioner is entitled to that interest. She was the owner of it at the time the petition was presented. It is immaterial whether that interest accrued before or after the passage of the act of 1893. It belonged to her when her petition was filed, and when the

act of 1894 was passed, which gave to the owner the right to file such a petition. It did not pass to an administrator of the deceased child (People v. Lord, 24 App. Div. 137, 48 N. Y. Supp. 1065); for it was a claim which belonged to the owner of the estate. Had an award been made before the death of the child, a different question would have been presented; but, as it was a claim existing in favor of the owner of a life estate arising on the death of the child, it comes within the provision of the statute respecting an award to owners of the property.

We think, therefore, the conclusion of the commissioners was wrong, and that their award should be modified by reducing it to the sum of $191.97, without costs. All concur.