(75 App. Div. 569.)

PEOPLE ex rel. GROUT, Comptroller of City of New York, v. STILLINGS, Commissioner, et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. CHANGE OF STREET GRADE—CLAIM FOR DAMAGES—AMENDMENT.

After claimants' right, under Laws 1893, c. 537, as amended by Laws 1894, c. 567, to recover damages for change of street grade in front of their property, had been lost, their claim having described the wrong property, and time for filing claims having expired, Laws 1898, c. 205, permitted them to file amended claims, but provided that the sum claimed therein should not exceed the sum claimed in the original claim. *Held*, that the commissioners to consider the claims could not, after an amended claim had been filed under Laws 1898, allow an amendment increasing the claim beyond the amount in the original claim.

2. CERTIORARI—PARTIES.

Under Code Civ. Proc. § 2136, providing that a writ of certiorari may issue to an officer whose term has expired, and section 2129, providing that the writ must be directed to the body or officer whose determination is to be reviewed, or to any other person having custody of the record or other paper to be certified, or to both, if necessary, the writ may issue to the commissioners, alone, whose award on change of street grade is to be reviewed, though they have resigned and others been appointed in their places; their return presenting everything on which the correctness of their award depends.

Certiorari, on the relation of Edward M. Grout, comptroller of the city of New York, to William E. Stillings and others, commissioners appointed pursuant to Laws 1893, c. 537, and Charles Van Riper and James M. La Coste, to review an award made by the commissioners to Van Riper and La Coste.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Robert C. Beatty, for relator.
James L. Guy, for respondents.

LAUGHLIN, J. The claimants were the owners in fee of premises situate on the southerly side of 144th street, in the city of New York. The formerly used grade of the street in front of their premises was materially raised pursuant to the provisions of chapter 841 of the Laws of 1868 and chapter 721 of the Laws of 1887 and chapter 339 of the Laws of 1892. The legislature subsequently created a

commission to hear claims and award damages to the owners of abutting property on account of this and other similar changes of grade of streets. Chapter 537, Laws 1893. This statute required the filing of claims for damages, "briefly describing the property" of the owner or party affected, "and the nature and particulars of the claim for damages," within six months of the first public meeting of the commissioners appointed thereunder. By chapter 567 of the Laws of 1894 this act was amended, and the powers of the commissioners were somewhat enlarged, but the provision with reference to the filing of claims was re-enacted in the same form. These claimants filed a claim for their damages under the act of 1893, which became claim No. 468 on the calendar of the commission. It developed on the hearing of their claim that they were not the owners of the property described therein, and it seems to be assumed by both parties that this rendered the claim null and void. The statute did not expressly require that the claimants should specify in their claims the amount of their damages; but the commissioners, acting under section 5 of the act under which they were appointed, conferring upon them full power "to determine the order and manner in which cases shall be heard and in which evidence shall be given; to decide all questions as to the competency, relevancy and materiality of testimony; to fix and limit the time within which evidence and argument in each case may be submitted, and generally, except as herein specifically provided, to determine and provide the mode and manner in which all proceedings before them shall be taken,"—required, by subdivision 11 of rule 4 adopted by them, that the amount of damages claimed should be so stated. These claimants, in accordance with such requirements, stated in the claim which they filed "that the entire amount of loss and damages suffered by the petitioner, and claimed herein, is $1,000." For the purpose of relieving these and other claimants whose claims as filed were fatally defective, the legislature, by chapter 205 of the Laws of 1898, permitted them to file "amended claims" as provided in the original act, "which amendments may refer either to the title of the claim or to the real property intended to be covered thereby, but the sum claimed in said amended claim shall not exceed the sum claimed in the original claim, and such amended claim when so filed shall stand in the place and stead of the claim already filed and designated by the calendar numbers before set forth, and the claims shall be disposed of on the amended claims notwithstanding any proceedings had prior to the filing thereof." An amended claim was filed by these claimants as thus authorized, in which they stated their damages to be $1,000. Upon the hearing before the commissioners, evidence was given by the claimants tending to show that the damages sustained by them exceeded the sum of $6,000. They subsequently made a motion to amend their claim to conform to this proof, which motion was granted, and the commissioners awarded them $6,000. The comptroller by this proceeding challenged the right of the commissioners to make an award to these claimants in excess of $1,000.

The common law afforded no remedy for the damages suffered by a property owner through the change of grade in the street in front of his premises. Heiser v. Mayor, 104 N. Y. 68, 9 N. E. 866; People v. Lord, 24 App. Div. 137, 48 N. Y. Supp. 1065; Id., 155 N. Y. 661, 49 N. E. 1102. Consequently the claimants' rights, if any they have, must be founded on some statute. If they lost the rights which the legislature intended to give them by the original act of 1893, as amended by the act of 1894, through their failure to file a valid claim within the time specified, then the legislature was at liberty to give or refuse a further remedy. It was clearly within the province of the legislature, in relieving them from their mistake, to provide that they should not recover, under the amended claims which were authorized, damages in a larger amount than they originally claimed against the city. It being within the power of the legislature to grant or refuse the right to damages, it could authorize the recovery of all damages sustained, or only a part thereof, in its discretion. Whatever power the commissioners may have had under the original act to allow amendments to claims, it is quite clear that under this act of 1898 they had no authority to allow claims to be amended so as to demand damages in greater amounts than were specified in the original claims, and they were likewise without power to award damages in excess of those amounts.

The claimants contend that the writ should be quashed for the reason that prior to the time it was issued the commissioners to whom it was directed had resigned, and other commissioners had been appointed in their place. The Code provides that a writ of certiorari may be issued to an officer whose term of office has expired. Code Civ. Proc. § 2136. The commissioners had filed their report, and evidently supposed that their duties under this claim had terminated prior to their resignation; but their return is full and complete, and shows that the original testimony, papers, depositions, records, and proceedings are still in their custody. Section 2129 of the Code of Civil Procedure provides that the writ must be directed "to the body or officer whose determination is to be reviewed, or to any other person having the custody of the record or other paper to be certified, or to both if necessary." A new hearing is neither sought nor required, and, since the return presents everything upon which the correctness of the award depends, it was unnecessary to join the successors to these commissioners.

It follows, therefore, that the writ was properly issued, and should be sustained, and the award of the commissioners should be reduced from $6,000 to $1,000, with $50 costs and disbursements to the relator. All concur.